IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE: APPLICATION OF CPI     )
PROPERTY GROUP, S.A., FOR AN    )
ORDER PURSUANT TO 28 U.S.C. § 1782 )
TO OBTAIN DISCOVERY IN AID OF    )         Case No. 3:25MC8 (RCY)
FOREIGN PROCEEDINGS         )
_____)

## MEMORANDUM OPINION

This matter is before the Court on CPI Property Group, S.A.'s ("CPIPG") *ex parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings ("Application"), wherein CPIPG seeks authorization to serve document and testimony subpoenas on Int Policy Digest LLC, d/b/a International Policy Digest ("IPD"), a Richmond-based online news organization, and John Lyman, a Richmond resident and the founder and editor-in-chief of IPD, for use in civil proceedings that it intends to initiate in the courts of England and Wales. For reasons that follow, the Court will grant the Application.

## I. RELEVANT BACKGROUND

On July 14, 2025, CPIPG filed its Application and Memorandum in Support thereof. Appl., ECF No. 1; Mem. Supp. Appl., ECF No. 2. CPIPG is a European public limited company headquartered in Luxembourg. Mem. Supp. Appl. 2–3. IPD is an LLC organized under the laws of Virginia, with a principal office address in Richmond. *Id.* at 3, 11–12. Mr. Lyman is IPD's founder and editor-in-chief, and he resides in Richmond. *Id.*

In December 2024 and January 2025, IPD published three allegedly defamatory articles about CPIPG and its Czech founder, Radovan Vitek, all of which were purportedly written by someone utilizing a fictitious name. *Id.* at 4–9. CPIPG does not know the identity of the author(s) of the articles, but it believes that they are subject to jurisdiction in England. *Id.* at 9. It intends to

initiate civil proceedings in the courts of England and Wales against the author(s) for defamation and unlawful means conspiracy. *Id.* at 8–9. CPIPG proffers that IPD and Mr. Lyman will not be involved in these proceedings and that neither IPD nor Mr. Lyman are subject to English jurisdiction. *Id.* at 14. It also says that to comply with English procedural requirements, it must know the identity of the author(s) of the articles before initiating the contemplated litigation. *Id.* at 9. Further, CPIPG asserts that only IPD and Mr. Lyman know the identity of the author(s). *Id.* at 17. CPIPG conveys that it must have the information as soon as possible, because the English statute of limitations on its claim is one year. *Id.* at 9.

## II. DISCUSSION

Under 28 U.S.C. § 1782, "a district court may order a person 'to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal.'" *In re Banco Mercantil del Norte, S.A.*, 126 F.4th 926, 930 (4th Cir. 2025) (quoting § 1782). CPIPG seeks authorization pursuant to this statute to serve document and testimony subpoenas on both IPD and Mr. Lyman to obtain information regarding identity of the author(s) of the defamatory articles and their relationship, if any, with IPD or Mr. Lyman. Mem. Supp. Appl. 10, 17–18. CPIPG argues that it is appropriate for the Court to grant its application, as CPIPG can satisfy both the statutory requirements and the necessary *Intel*[1] factors. The Court agrees.

### A. Statutory Requirements

As the Fourth Circuit has explained:

To secure an order under § 1782, an applicant must satisfy the following statutory requirements: "(1) The application must be made to the 'district court for the district in which the person resides or is found'; (2) the application must come from an 'interested person' or a foreign tribunal; (3) the application must seek evidence,

---

[1] *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).

including 'testimony' or 'a document'; and (4) the evidence sought by the application must be 'for use in a proceeding in a foreign or international tribunal.'"

*In re Banco Mercantil*, 126 F.4th at 930 (quoting *In re Newbrook Shipping Corp.* (*Newbrook II*), 31 F.4th 889, 894 (4th Cir. 2022)).

Here, the Court finds that § 1782's requirements are met. First, both IPD and Mr. Lyman reside or are found in the Eastern District of Virginia because IPD is organized under the laws of Virginia and maintains its principal office in Richmond, and Mr. Lyman resides in Richmond. Mem. Supp. Appl. 1, 3, 11–12; *see In re Eli Lilly & Co.*, 37 F.4th 160, 163–65 (4th Cir. 2022) (discussing the standard for when a person or corporate entity resides or is found in a district for purposes of § 1782). Second, CPIPG is an "interested person" within the meaning of § 1782, because it will be a party to the contemplated litigation. Mem. Supp. Appl. 12; Mem. Supp. Appl. Ex. 4, ECF No. 2-4; *see Intel*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782 . . . ." (quoting § 1782) (alteration in original)). Third, the evidence CPIPG seeks consists of testimony and documents, as authorized by the statute. Mem. Supp. Appl. 12; Mem. Supp. Appl. Exs. 5, 6, 7, 8, ECF Nos. 2-5 through 2-8. Finally, the evidence is sought "for use" in a foreign proceeding, because it will clearly be used to form the basis for the contemplated litigation. Mem. Supp. Appl. 12–13; Mem. Supp. Appl. Ex. 4; *see In re Banco Mercantil*, 126 F.4th at 931 ("To satisfy the 'for use' requirement, the applicant . . . need only show that 'there is a reasonable possibility that the evidence sought will be employed with some advantage or serve some use in the proceeding.'" (quoting *Newbrook II*, 31 F.4th at 895)). The fact that the proceeding has not yet commenced does not impact this determination. *See Intel*, 542 U.S. at 258–59 ("Section 1782(a) does not limit the provision of judicial assistance to 'pending' adjudicative proceedings. . . . § 1782(a) requires only that a [proceeding] . . . be within reasonable contemplation."). While "courts have required that

3

such proceedings are 'more than speculative,' meaning that there are 'reliable indications of the likelihood that proceedings will be instituted within a reasonable time,'" *see In re Newbrook Shipping Corp.* (*Newbrook I*), 498 F. Supp. 3d 807, 816 (D. Md. 2020) (quoting *Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.2d 1262, 1270 (11th Cir. 2014)), the Court finds that such is the case here. CPIPG clearly represents that it intends to commence the foreign proceedings in the very near future. Mem. Supp. Appl. 13; Mem. Supp. Appl. Ex. 4. Indeed, it must, given the one-year statute of limitations.

Accordingly, the statutory requirements are satisfied and § 1782 authorizes the Court to order the requested discovery.

**B.** *Intel* **Factors**

The Court next turns to the discretionary factors set forth in *Intel*. "Even where the statutory requirements are satisfied, 'a district court is not required to grant a § 1782(a) discovery application simply because it has the statutory authority to do so.'" *In re Banco Mercantil*, 126 F.4th at 930 (quoting *In re Eli Lilly & Co.*, 37 F.4th 160, 167–68 (4th Cir. 2022)). In *Intel*, the Supreme Court set forth four discretionary factors for courts to consider:

> (1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; (3) 'whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;' and (4) whether the request is 'unduly intrusive or burdensome.'

*In re Banco Mercantil*, 126 F.4th at 930–31 (quoting *In re Eli Lilly*, 37 F.4th at 168).

Here, the Court finds that all four factors weigh in favor of granting the Application. First, CPIPG represents that IPD and Mr. Lyman will not be parties to the English proceedings and that they are not subject to jurisdiction in the courts of England and Wales. Because the discovery

4

targets are thus "outside the foreign tribunal's jurisdictional reach," this Court's assistance in obtaining the sought-after documents proves essential. *In re Req. for Jud. Assistance from the Dist. Ct. in Svitavy*, 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) (quoting *Intel*, 524 U.S. at 264). Thus, the first factor weighs in favor of granting the Application.

The second factor also weighs in favor of granting the Application, because the courts of England and Wales appear receptive to discovery assistance from United States federal courts. When considering this factor, "courts 'have applied the general approach that, in the absence of a foreign court's clear rejection of the assistance, the § 1782 application should be granted.'" *Newbrook I*, 498 F. Supp. 3d at 818 (quoting *In re Polymer Sols. Int'l, Inc.*, 2019 WL 1239778, at *6 (D. Md. Mar. 18, 2019)); *see also In re Banco Mercantil de Norte, S.A.*, 2023 WL 6690708, at *7 (E.D. Va. Oct. 12, 2023) ("[A]bsent a clear directive or authoritative proof that the foreign tribunal would reject the evidence obtained, courts generally conclude that the second *Intel* factor counsels in favor of granting a § 1782 application." (citing *In re Chevron Corp.*, 2010 WL 4883111, at *3 (W.D. Va. Nov. 24, 2010))). The Court is satisfied by CPIPG's showing that English and Welsh courts are receptive to discovery assistance from United States federal courts. *See In re Man Grp. Ltd.*, 2025 WL 294277, at *3 (S.D.N.Y. Jan. 24, 2025) ("'[T]here is ample evidence that courts in the United Kingdom' are receptive to . . . assistance with discovery under Section 1782." (quoting *In re Tel. Media Grp. Ltd.*, 2023 WL 5770115, at *8 (S.D.N.Y. Sept. 6, 2023))). Thus, the second factor weighs in favor of granting the Application.

The third factor likewise weighs in favor of granting the Application because there is no indication that CPIPG is attempting to circumvent English proof-gathering restrictions. This factor weighs against granting an application "when a requesting party has already asked for the same information before a foreign tribunal." *In re Banco Mercantil*, 2023 WL 6690708, at *8 (citing *In*

*re Eli Lilly & Co.*, 580 F. Supp. 3d 334, 342 (E.D. Va. 2022)).  "Ultimately, . . . the key consideration 'in determining whether a petition is an effort to circumvent foreign proof-gathering restrictions . . . is whether the discovery is being sought in bad faith.'"  *Id.*  (quoting *In re Chevron*, 2010 WL 4883111, at *3) (second omission in original).  Here, CPIPG affirms that "[i]t requests information that is outside the reach of English courts and is necessary to identify the defendant and also substantively relevant to its claims."  Mem. Supp. Appl. 16; *see also* Mem. Supp. Ex. 4. Based on this representation, and the lack of any indications to the contrary, the Court is satisfied that CPIPG is not attempting to circumvent English proof-gathering restrictions or otherwise seeking the discovery in bad faith.  The third factor thus counsels in favor of granting the Application.

Finally, the fourth factor also favors granting the Application because CPIPG's proposed discovery is appropriately tailored and because it is unlikely that CPIPG can obtain the necessary information from any other source.  In weighing this factor, courts ask whether the "applicant 'can obtain the information from other sources without imposing a burden' on a non-party to the foreign action."  *In re Newbrook Shipping Corp.* (*Newbrook III*), 620 F. Supp. 3d 298, 312 (D. Md. 2022) (quoting *In re Elliot Assocs., L.P.*, 2022 WL 1159692, at *4 (W.D.N.C. Apr. 19, 2022)).  Further, "[r]equests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad fishing expedition for irrelevant information." *In re Banco Mercantil*, 2023 WL 6690708, at *12 (quoting *In re P.T.C. Prod. & Trading Co., AG*, 2020 WL 7318100, at *2 (W.D.N.C. Dec. 11, 2020)) (alteration in original).  In the present case, it is clear from CPIPG's representations that there is no other source from which it could obtain the necessary information; to its knowledge, IPD and Mr. Lyman are the only parties that know the identity of the author(s) of the articles.  Mem. Supp. Appl. 8–10; 17–18.  Further, the Court

has reviewed the proposed discovery requests and finds that they are sufficiently narrowly tailored. Mem. Supp. Appl. Exs. 5–8. The fourth factor—along with all the others—therefore weighs in favor of granting the Application.

### III. CONCLUSION

For reasons set forth above, the Court will grant the Application and permit CPIPG to serve its proposed document and testimony subpoenas, in substantially the same form proposed in the Application, on IPD and Mr. Lyman. The Court will direct CPIPG serve a copy of this Memorandum Opinion and accompanying Order with the subpoenas when serving IPD and Mr. Lyman. Further, once the subpoenas are served, IPD and Mr. Lyman each may file a motion to quash the subpoena within fourteen days from service in lieu of compliance, in which case this matter will automatically be reopened. *See In re Naranjo*, 768 F.3d 332, 338 n.4 (4th Cir. 2014).

An appropriate Order shall issue.


Date: <u>August 4, 2025</u>                                     /s/ _____
Richmond, Virginia                                     Roderick C. Young
                                                       United States District Judge